UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Howard D. Kelly

   v.                                              Civil No. 13-cv-107-PB

Warren Dowaliby et al.[1]

**REPORT AND RECOMMENDATION**

Howard D. Kelly has filed a complaint (doc. no. 1) asserting that his rights to adequate medical care and to viable grievance procedures at the Strafford County House of Corrections ("SCHC") were violated during Kelly's 2008-2010 incarceration at the SCHC.  The matter is before the court for preliminary review to determine, among other things, whether the complaint states any claim upon which relief could be granted.  See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

**Standard for Preliminary Review**

Pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915A(a), the magistrate judge conducts a preliminary review of pro se in

---

[1]Kelly names the following individuals as defendants: Strafford County House of Corrections ("SCHC") Superintendent Warren Dowaliby; SCHC Nurse Practitioner and Head of Medical Services Tracy, whose last name is unknown ("LNU"); SCHC Medical Technicians Rebecca LNU and Dawn LNU; and Strafford County Sheriff David Dubois.

forma pauperis complaints before defendants have an opportunity to respond to the claims. The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b); LR 4.3(d)(2).

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010). To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

**Background**

I. Medical Care

Kelly was incarcerated at the SCHC as a federal pretrial detainee from July 17, 2008 to March 12, 2010. Kelly asserts

that while he was at the SCHC, he suffered from a seizure disorder, and that the defendant medical providers at the SCHC denied him previously prescribed anti-seizure medication.

Kelly also alleges that complaints to Strafford County officials, specifically, SCHC Superintedent Warren Dowaliby, and unspecified agents of the United States Marshals Service, yielded no treatment for his condition.  Kelly claims he now suffers migraine headaches, loss of memory, loss of concentration, and loss of vision in his right eye, because the SCHC defendants failed to provide him with his anti-seizure medication.

Kelly alleges that upon his arrival at the SCHC in July 2008, he informed the medical staff there of his seizure disorder and his need for daily doses of Dilantin, an anti-seizure medication, first prescribed for him by the medical staff in another Federal Bureau of Prisons ("BOP") facility in October 2003.  Kelly states that he specifically asked the SCHC medical staff to obtain his BOP medical records to verify his diagnosis and Dilantin prescription.  Throughout the duration of his detention at SCHC, Kelly's symptoms worsened.  Kelly alleges he repeatedly informed medical staff members Rebecca, "Medical Technician Dawn," and "Nurse Practitioner Tracy," of his need for medication and the worsening of his seizures in both

frequency and severity, but he never received treatment for his seizure disorder.

II. <u>Grievance Procedure</u>

Kelly asserts that Strafford County officials house federal detainees pursuant to a contract with the United States Marshals Service, and that the SCHC is required by that contract to maintain viable administrative complaint procedures. Kelly asserts that the SCHC did not have a formal complaint process.

**Claims**

The claims asserted in the complaint (doc. no. 1) are the following:

1. Kelly was denied his Fourteenth Amendment due process right to adequate medical care during pretrial detention, because defendants, with deliberate indifference, failed to treat Kelly's seizure disorder, a serious medical need;

2. Kelly was denied his Fourteenth Amendment right to due process when SCHC Superintendent Warren Dowaliby and Strafford County Sheriff David Dubois failed to provide him with adequate grievance procedures.

**Discussion**

I. <u>Medical Care</u>

A pretrial detainee's right to adequate medical care arises under the Fourteenth Amendment's Due Process Clause. To state a constitutional claim for the denial of medical care, an inmate

must allege that defendants have committed "acts or omissions . . . sufficiently harmful to evidence deliberate indifference to serious medical needs." Leavitt v. Corr. Med. Servs., 645 F.3d 484, 497 (1st Cir. 2011) (internal quotation marks and citation omitted). To act, or fail to act, with deliberate indifference, "'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Kelly has alleged that while he was at the SCHC he suffered from a diagnosed seizure disorder, a serious medical condition. Kelly alleges that the SCHC medical staff knew of his seizure disorder, yet failed to provide him with anti-seizure medication or any other effective treatment for his condition. He has alleged facts indicating that both the severity of his condition and the risks of discontinuing medication would have been evident to medical professionals, and that, in any event, he advised them of his medical condition and medication needs, and also complained to them about the worsening of his symptoms over time. Kelly asserts that the failure to provide him treatment resulted in serious injuries, including deficits in his concentration, memory, and vision. The facts alleged by Kelly are sufficient to support a claim that Rebecca, Dawn, and Tracy,

acted with deliberate indifference to Kelly's serious medical needs when they failed to provide him with any treatment therefor.

As to Dowaliby, however, the facts alleged are not sufficient to state a plausible claim of deliberate indifference. Kelly asserts that Nurse Practitioner Tracy, Dowaliby, and an unnamed Strafford County commissioner all received complaints from Kelly's attorney about the lack of medical treatment, and that those complaints resulted in a meeting between Kelly and Tracy, the head of medical services. Kelly has failed to allege that he made any further complaint to Dowaliby after that meeting, or that Dowaliby was otherwise subjectively aware either that Kelly was not being treated, or that there was a risk of substantial harm to Kelly if his condition remained untreated. Cf. Grajales v. P.R. Ports Auth., 682 F.3d 40, 47 (1st Cir. 2012) (to show supervisory liability under 42 U.S.C. § 1983, plaintiff must show that supervisor's acts or omissions constituted supervisory encouragement, condonation or acquiescence, or gross negligence amounting to deliberate indifference). The inadequate medical care claim against Dowaliby should thus be dismissed.

II. <u>Grievance Procedures</u>

Kelly claims that defendants Dowaliby and Dubois violated his right to due process by denying him access to an adequate administrative remedy process. Kelly claims that Strafford County had an obligation under its contract with the United States Marshals Service to maintain a "viable" inmate complaint process for federal inmates housed at the SCHC, but that no formal complaint procedures existed at the SCHC while Kelly was incarcerated there pursuant to that contract. Kelly further contends that written and verbal complaints to the prison staff did not yield the medical treatment he needed.

"To establish a procedural due process violation, the plaintiff must identify a protected liberty or property interest and allege that the defendants, acting under color of state law, deprived [him] of that interest without constitutionally adequate process." <u>González-Droz v. González-Colón</u>, 660 F.3d 1, 13 (1st Cir. 2011) (internal quotation marks and citation omitted). "The due process clause does not, in an of itself, confer upon any inmate a right to pursue grievance proceedings against prison officials." <u>Leavitt v. Allen</u>, 46 F.3d 1114, 1995 WL 44530, at *2 (1st Cir. 1995) (unpublished table decision). <u>Cf.</u> <u>Hicks v. Ryan</u>, No. 13-10709-RGS, 2013 WL 1992679, at *10 (D. Mass. May 9, 2013) ("failure to respond to a grievance to the

satisfaction of the inmate does not, standing alone, implicate a liberty interest").

Kelly alleges that the terms of the contract between the United States Marshals Service and Strafford County provide for a "viable" administrative grievance process for inmates. Assuming, without deciding, that the contract provides third party inmates like Kelly with a private right of action for a breach of that provision, Kelly has failed to show that the contract at issue gave rise to any constitutionally protected liberty interest, for the purpose of stating a plausible due process claim. See Allen, 46 F.3d 1114, 1995 WL 44530, at *2 ("prison regulations which establish a grievance procedure cannot give rise to a liberty interest because they confer only procedural protections, not substantive rights, upon the inmates who may use the grievance procedures"); see also Fields v. Henry Cnty., 701 F.3d 180, 186 (6th Cir. 2012) (state law procedural rights that "do not command a particular substantive outcome . . . cannot create a protected liberty interest"), cert. denied, No. 12-1121, 2013 WL 1091111 (U.S. Apr. 29, 2013). Therefore, Kelly's due process claim alleging a denial of grievance procedures should be dismissed.

**Conclusion**

For the foregoing reasons, the court recommends that all Fourteenth Amendment claims asserted against Dowaliby and Dubois be dismissed. In an order issued this date, the court has directed service of the Fourteenth Amendment medical care claims against Nurse Practitioner Tracy LNU, and Medical Technicians Rebecca LNU and Dawn LNU.

Any objections to this report and recommendation must be filed within fourteen (14) days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

_____
Landya McCafferty
United States Magistrate Judge

June 3, 2013

cc: Howard D. Kelly, pro se

LBM:nmd