```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

Howard D. Kelly

    v.                                                Civil No. 13-cv-107-LM
                                                                    Opinion No. 2014 DNH 101

Warren Dowaliby et al.

## O R D E R

Before the court are the following matters[1]:

- Plaintiff Howard D. Kelly's motion to amend (doc. no. 29) the complaint to add new defendants and claims;

- Defendants' motion to stay this action (doc. no. 32) until this court rules on defendants' December 2013 and March 2014 motions for summary judgment;

- Plaintiff's motion (doc. no. 35), for additional time to object to the March 2014 motion for summary judgment and to disclose experts; and

- Plaintiff's motion for appointment of counsel (doc. no. 34).

Defendants have objected to each of plaintiff's motions. See Document Nos. 30, 36, and 37). Plaintiff has not responded to defendants' motion for a stay.

---

[1]Also pending are two motions for summary judgment filed by defendants (doc. nos. 24 and 31). Those motions will be addressed at a later date.

Background

Kelly was incarcerated at the Strafford County House of Corrections ("SCHC") as a federal pretrial detainee from July 17, 2008, until March 12, 2010.  Kelly filed this action in February 2013.

Kelly asserts that while he was at the SCHC, he suffered from a seizure disorder, and that medical providers at the SCHC denied him previously prescribed anti-seizure medication.  Upon completion of this court's preliminary review of the complaint under 28 U.S.C. § 1915A, this court dismissed a Fourteenth Amendment supervisory liability claim asserted against former SCHC Superintendent Warren Dowaliby and allowed the following claim to proceed against three members of the SCHC medical staff:

> Kelly was denied his Fourteenth Amendment due process right to adequate medical care during pretrial detention, because defendants Tracy Warren, Rebecca Eischen, and Dawn Dow, with deliberate indifference, failed to treat Kelly's seizure disorder, a serious medical need.

See Order (doc. no. 19) (approving Report and Recommendation (doc. no. 9)).  Defendants Warren, Eischen, and Dow have moved for summary judgment, on grounds set forth in two separate motions for summary judgment, filed in December 2013 (doc. no. 24) and March 2014 (doc. no. 31).

Plaintiff has moved to amend the complaint to reassert a supervisory liability claim under 42 U.S.C. § 1983 against Dowaliby based on allegations that plaintiff specifically notified Dowaliby in January 2009 that the medical staff had failed to treat his seizure disorder. Plaintiff's motion also seeks to add new defendants to that medical care claim, and to assert additional conditions of confinement and First Amendment retaliation claims against new defendants.

## Discussion

I.  Motion to Amend

   A.  Standard

Federal Rule of Civil Procedure 15(a)(2) provides that a party who is no longer able to amend the complaint as of right may amend only with the court's leave, and that the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "To the extent a proposed amendment would add new parties, the motion is technically governed by [Federal Rule of Civil Procedure] 21, which provides that 'the court may at any time, on just terms, add or drop a party,' rather than Rule 15(a)." Garcia v. Pancho Villa's of Huntington Vill., Inc., 268 F.R.D. 160, 165 (E.D.N.Y. 2010) (citations omitted). However, the "same standard of liberality" applies under either rule. Id.

The court may deny a motion to amend "'for any adequate reason apparent from the record,'" including futility of the proposed amendment. Todisco v. Verizon Commc'ns, Inc., 497 F.3d 95, 98 (1st Cir. 2007) (citation omitted). In evaluating whether pro se plaintiff Kelly's proposed complaint amendment states any plausible claim for relief, the court applies the same standard applied in its preliminary review of the original complaint, which is set forth in the June 3, 2013, report and recommendation (doc. no. 9). See generally Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006) (applying Fed. R. Civ. P. 12(b)(6) standard to determine if proposed amendment is futile).

### B.  Medical Care Claim

The applicable standards for stating a viable Fourteenth Amendment medical care claim are stated in the June 3, 2013, report and recommendation (doc. no. 9), and need not be repeated here. Kelly seeks to add claims against ten unnamed SCHC medical staff members (identified as John and Jane Does 1-10), based on assertions that Kelly told each of those unnamed staff members that he had experienced seizures while at the SCHC, but that he received "little or no response from" them. Kelly's allegations as to those unnamed medical staff members resemble his allegations as to existing defendants Dow and Eischen, and

the original complaint similarly alleged that unnamed SCHC medical staff members were deliberately indifferent to his seizure disorder. The court allows this claim to proceed at this time against ten unnamed SCHC medical staff members identified as "John and Jane Does 1-10" as discovery is reasonably likely to reveal the relevant names.[2] See Martínez-Rivera v. Sánchez Ramos, 498 F.3d 3, 8 (1st Cir. 2007); Wilson v. Town of Mendon, 294 F.3d 1, 7 (1st Cir. 2002). Kelly is expected to use the discovery process to obtain those names, and to move promptly to amend the complaint to substitute the correct names, to avoid dismissal under Fed. R. Civ. P. 4(m).

Kelly further seeks to add a claim of supervisory liability as to former Superintendent Dowaliby, for his acts and omissions relating to his subordinates' failure to treat Kelly's seizure disorder. Specifically, Kelly alleges that in an appeal of a disciplinary charge, in January 2009, Kelly informed Dowaliby that he suffered frequent seizures and that the medical staff at SCHC had failed to treat him in connection with those seizures. Kelly further asserts that Dowaliby failed to respond to that

---

[2]The parties have briefed a potentially dispositive motion asserting that similar Fourteenth Amendment medical care claims asserted against Warren, Dow, and Eischen are both time-barred and precluded by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a); those grounds for dismissal would appear to apply equally to the claims that Kelly seeks to assert against the John and Jane Doe defendants. The court expresses no opinion at this time on the merits of that motion.

information. The facts alleged, if taken as true with all reasonable inferences construed in Kelly's favor, state a plausible claim that Dowaliby's failure to respond to specific information regarding Kelly's untreated seizure disorder manifested deliberate indifference to a substantial risk of serious harm, and further, led to the medical staff's continuing failure to treat Kelly. Accordingly, the motion to amend is granted to add a section 1983 claim of supervisory liability as to Dowaliby, relating to his conduct with respect to the failure to treat Kelly's seizure disorder at the SCHC.[3]

### C. New Claims

In the proposed amended complaint, Kelly seeks to add new claims that SCHC officers violated his Fourteenth Amendment right to humane conditions of pretrial confinement, by confiscating bedding, a second mattress, compression stockings, and a second pillow which had been prescribed by the medical department for Kelly's use while he was at the SCHC in response to his complaints of insomnia, painful legs, and swelling. Kelly also asserts claims alleging that SCHC officers retaliated against him for exercising his First and Fourteenth Amendment rights to petition for a redress of grievances, and that SCHC

---

[3]The court expresses no opinion in this order on whether plaintiff's claims relating to Dowaliby are time-barred or restricted by the PLRA.

supervisory officers Topham and Roy failed to train or adequately supervise their subordinates.

All of the acts relating to the confiscation of prescribed items and alleged retaliatory conduct occurred more than three years before Kelly filed this action, and more than four years before Kelly sought to amend the complaint to add those claims. See Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010) (three-year statute applies to § 1983 claims arising in New Hampshire). "Section 1983 claims generally accrue when the plaintiff knows, or has reason to know of the injury on which the action is based, and a plaintiff is deemed to know or have reason to know at the time of the act itself and not at the point that the harmful consequences are felt." Gorelik, 605 F.3d at 122 (internal quotation marks omitted). Applying that standard, the court finds that Kelly's claims accrued in 2009, and are now time-barred.

Furthermore, Kelly has failed to state plausible claims for relief on the new claims. The facts alleged do not show that the officers that confiscated and/or failed to return the items were subjectively aware of any substantial risk of serious harm to Kelly posed by their conduct. As to the retaliation claim based on allegations of cell searches, verbal harassment, the threatened removal of his mattress, the temporary confiscation

of prescribed bedding and stockings, and other acts, Kelly has failed to plead facts showing that those acts would deter an inmate of ordinary firmness from filing grievances.  See Starr v. Dube, 334 F. App'x 341, 342 (1st Cir. 2009); Starr v. Moore, 849 F. Supp. 2d 205, 209 (D.N.H. 2012).  Finally, the allegations regarding Topham's and Roy's failure to train and or supervise their subordinate officers, when stripped of legal conclusions, fail to state plausible claims for relief.  Accordingly, the motion to amend the complaint is denied, in part, as futile, to the extent Kelly seeks to assert new Fourteenth Amendment claims and First Amendment retaliation claims relating to the confiscation of stockings and bedding, shake-downs of his cell, harassment, training, supervision of subordinate officers, and other acts that affected him in 2009.

II.  Motion for Stay and Motion to Extend Deadlines

Defendants have moved to stay all proceedings in this case until the court rules on two motions for summary judgment that they have filed in this action; plaintiff has not responded to that motion.  Plaintiff has moved for additional time to object to defendants' March 2014 motion for summary judgment and to disclose experts and expert reports, and defendants have objected to that motion.

Plaintiff asserts that his status as an inmate in a federal prison in California and a month-long lock-down order imposed at that facility in March 2014 rendered him unable to file a timely objection to the summary judgment motion and to disclose experts in this case.  In light of the difficulties rendered by plaintiff's pro se status and out-of-state incarceration, the court grants plaintiff ninety days from the date of this order to disclose experts and to object to the March 2014 motion for summary judgment.  The court continues other deadlines in this case, including the deadlines set in the December 2013 amended trial notice, as set forth in the conclusion of this order.

This court has discretion to stay certain proceedings while a dispositive motion is pending, see Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 59 (1st Cir. 2006) (stay of discovery).  Because a ruling on the December 2013 motion for summary judgment could obviate the need for discovery, and in light of this court's order on plaintiff's motion to amend, the court continues certain deadlines in this case, including the discovery deadline.  The revisions to the case schedule set forth in the conclusion of this order provide a measure of the relief sought in the stay motion, without unnecessarily preventing the parties from pursuing discovery or litigating issues as they see fit, while the court completes its

consideration of the summary judgment motions.  The motion for a stay (doc. no. 32) is therefore denied, as the court issues, in the conclusion of this order, a revised discovery plan and pretrial schedule.

III. Motion for Appointment of Counsel

Plaintiff has moved for the appointment of counsel citing his indigency and incarceration in California.  He asserts that he is unable to depose witnesses and interview prisoners while he is incarcerated, and he further asserts that a lawyer would help him engage and communicate with an expert witness and opposing counsel.

This court has discretion to deny an indigent plaintiff's request for appointed counsel, unless he shows that his case presents exceptional circumstances, such that fundamental unfairness, impinging upon the right to due process, is likely to result if counsel is not appointed.  See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  A ruling on the fully-briefed December 2013 motion for summary judgment (doc. no. 24) could obviate the need for further discovery or litigation in this case.  The motion for appointment of counsel (doc. no. 34) is therefore denied without prejudice to refiling after the court rules on the pending summary judgment motion.

Conclusion

For the reasons explained in this order, the court directs as follows:

1. Plaintiff's motion to amend the complaint (doc. no. 29) is GRANTED in part, to the extent that the court directs service of the amended complaint upon former SCHC Superintendent Warren Dowaliby and ten John and Jane Doe SCHC medical staff employees. The clerk's office is directed to redocket Document No. 29-1 as the "Amended Complaint," and Documents Nos. 29-2 to 29-5 as exhibits to the amended complaint. The motion to amend is otherwise DENIED.

2. The clerk's office shall contact Attorney Belobrow to request that he notify the court in writing, within ten days, if he is authorized to accept service on Dowaliby's behalf, and on behalf of the ten John and Jane Doe defendants. The clerk's office shall also request that Attorney Belobrow, if unable to accept service for Dowaliby, make inquiries as to the SCHC's last known address for Dowaliby, and, within ten days, submit that address to the court under seal, at Level I, if service upon Dowaliby by the U.S. Marshals Service is necessary.

3. If Dowaliby and/or the John and Jane Doe defendants must be served, the clerk's office shall prepare and issue summonses for Dowaliby, using the address provided under seal,

11

and for "John and Jane Does 1-10," using the SCHC's address, and forward to the United States Marshal for the District of New Hampshire ("U.S. Marshal's office"): the summonses; the Amended Complaint with exhibits (doc. nos. 29-1 to 29-5); the June 3, 2013, report and recommendation (doc. no. 9); the order approving that report and recommendation (doc. no. 19); and this order. Upon receipt of those documents, the U.S. Marshal's office shall effect service, see Fed. R. Civ. P. 4(c)(3) and 4(e).

    4.   Dowaliby and the John and Jane Doe defendants are directed to respond to the amended complaint within 21 days of service, with the date of service deemed to occur upon the date of Attorney Belobrow's filing of a notice of acceptance of service, or upon completion of service by the U.S. Marshal's office, pursuant to Fed. R. Civ. P. 4(e). Defendants Tracy Warren, Rebecca Eischen, and Dawn Dow shall file their response to the amended complaint within 21 days of the date of this order.

    5.   The court DENIES without prejudice plaintiff's motion for appointment of counsel (doc. no. 34).

    6.   The court DENIES defendants' motion for a stay (doc. no. 32).

7. The court GRANTS plaintiff's motion (doc. no. 35) to extend deadlines for disclosing experts and for objecting to the March 2014 summary judgment motion. The deadlines in the December 29, 2013, amended trial notice are continued for ninety days. The summary judgment motion (doc. no. 31) briefing schedule and the November 2013 discovery plan are revised as follows:

| Event | Revised Deadline | |
|---|---|---|
| March 2014 Summary Judgment Motion (Doc. No. 31) | Plaintiff's Objection | August 1, 2014 |
| Experts and Expert Written Reports | Plaintiff | August 1, 2014 |
|  | Defendants | September 1, 2014 |
| Challenges to Expert Testimony | Defendants | September 1, 2014 |
|  | Plaintiff | October 1, 2014 |
| Completion of Discovery | November 1, 2014 | |
| Summary Judgment Motions | November 15, 2014 | |

**SO ORDERED.**

_____
Landya McCafferty
United States District Judge

May 7, 2014
cc: Howard D. Kelly, pro se
    Corey M. Belobrow, Esq.
LBM:nmd