**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Howard D. Kelly

    v.

Warren Dowaliby, et al.[1]

Civil No. 13-cv-107-LM
Opinion No. 2014 DNH 129

**O R D E R**

Before the court is Dawn Dow, Rebecca Eischen, and Tracy

Warren's (first) motion for summary judgment (doc. no. 24).[2]

Plaintiff Howard Kelly has objected (doc. no. 25), and

defendants have replied (doc. no. 27).

Also before the court is the same defendants' motion for

partial reconsideration of this court's May 7, 2014, order (doc.

no. 40), which allowed Kelly to add a claim under 28 U.S.C.

§ 1983 against former Strafford County House of Corrections

---

[1]Defendants originally served with the complaint are
Strafford County Department of Corrections ("SCDC") Nurse Tracy
Warren, and SCDC Medical Department staff members Rebecca
Eischen and Dawn Dow.  On May 7, 2014, this court granted, in
part, a motion to amend the complaint to join former SCDC
Superintendent Warren Dowaliby and ten unnamed John and Jane Doe
SCDC Medical Department staff members as defendants to this
action.  For reasons stated in this order, the court vacates
that aspect of the May 7 order, and denies the motion to add
claims against Dowaliby and the John and Jane Doe defendants.

[2]Defendants Dow, Eischen, and Warren filed their second
motion for summary judgment (doc. no. 31) in March 2014, and
also moved (doc. no. 43) for an extension of the September 1,
2014, deadline for their expert disclosures.  The time allowed
for plaintiff to respond to those motions has not yet elapsed.

("SCHC") Superintendent Warren Dowaliby, and to join ten John and Jane Doe SCHC Medical Department employees as defendants to the claim asserted against Dow, Eischen, and Warren.  Kelly has not responded to the reconsideration motion.

## Background

Kelly has alleged that while he was a federal pretrial detainee at the SCHC from July 17, 2008, to March 12, 2010, he suffered from a seizure disorder that defendants did not treat. In particular, defendants did not provide him with the anti-seizure medication originally prescribed for him at a federal Bureau of Prisons facility in 2003 after he suffered a traumatic brain injury.

Kelly has alleged that although he complained many times to SCHC medical department staff about his need for anti-seizure medication and the frequency of his seizures at the SCHC, he received no medication or other treatment.  Kelly claims that he now suffers from migraine headaches, memory loss, loss of concentration, and vision loss.  Kelly further asserts that the failure to give him daily doses of anti-seizure medication while he was at the SCHC caused or exacerbated these problems.

Kelly's original complaint named Dow, Eischen, Warren, and Dowaliby as defendants.  This court reviewed the original complaint in June 2013, pursuant to 28 U.S.C. § 1915A, see

Report and Recommendation (doc. no. 9), and concluded that the allegations relating to Dowaliby in the original complaint did not state a plausible claim for relief.  See Order (doc. no. 19).  The court further found that Kelly had pleaded plausible Fourteenth Amendment inadequate medical care claims against Dow, Eischen, and Warren, and directed service upon those defendants as follows:

> Kelly was denied his Fourteenth Amendment due process
> right to adequate medical care during pretrial
> detention, because defendants (a) Dow, (b) Eischen,
> and (c) Warren, with deliberate indifference, failed
> to treat Kelly's seizure disorder, a serious medical
> need.

See Order (doc. no. 10).  The court subsequently dropped Dowaliby from the case.  See Order (doc. no. 19).

Kelly, in December 2013, moved to amend the complaint to reinstate a claim against Dowaliby, and to add unnamed John and Jane Doe SCHC Medical Department employees as defendants to the Fourteenth Amendment claim served upon Dow, Eischen, and Warren six months before.  See Mot. to Amend Compl. (doc. no. 29). This court, on May 7, 2014, granted that motion in pertinent part, allowing the amended complaint to be filed, and joining Dowaliby and the John and Jane Does as defendants.  See Doc. No. 38 ("May 7 order").  In that ruling, the court specifically took under advisement whether the claims might be barred by the statute of limitations.  See May 7 order, at 5-6, nn.2-3.

Discussion

I.   Summary Judgment

   A.   Standard

   Under Federal Rule of Civil Procedure 56, a "court
   shall grant summary judgment if the movant shows that
   there is no genuine dispute as to any material fact
   and the movant is entitled to judgment as a matter of
   law." . . . [A] dispute [is] genuine if "a reasonable
   jury, drawing favorable inferences, could resolve it
   in favor of the nonmoving party. . . . Conclusory
   allegations, improbable inferences, and unsupported
   speculation, are insufficient to establish a genuine
   dispute of fact."

Travers v. Flight Servs. & Sys., Inc., 737 F.3d 144, 146 (1st

Cir. 2013) (citations omitted).  Defendants have moved for

summary judgment on their affirmative defenses to the Fourteenth

Amendment claims against Dow, Eischen, and Warren, asserting

that Kelly's claims are time-barred, and that Kelly failed to

exhaust his administrative remedies before filing suit, as

required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C.

§ 1997e(a).  Finding the statute of limitations issue to be

dispositive, this court expresses no opinion as to whether Kelly

exhausted his administrative remedies.

   B.   Statute of Limitations

   There is a three-year statute of limitations applicable to

Kelly's § 1983 claims.  See Gorelik v. Costin, 605 F.3d 118, 121

(1st Cir. 2010).  "Section 1983 claims generally accrue when the

4

plaintiff knows, or has reason to know of the injury on which

the action is based, and a plaintiff is deemed to know or have

reason to know at the time of the act itself and not at the

point that the harmful consequences are felt."  Id. at 122

(internal quotation marks omitted).

Kelly asserts that the statute of limitations began to run

on March 10, 2010, the day he was transferred from SCHC.  Kelly

has averred that he submitted his complaint for filing on or

about February 21, 2013, less than three years after his last

day at SCHC, and he relies on the continuing violation doctrine

to allow events dating back to his first day at the SCHC, July

8, 2008, to be actionable.

The continuing violation doctrine allows the accrual date

in certain § 1983 actions "'to be delayed until a series of

wrongful acts blossoms into an injury on which suit can be

brought.'"  Perez-Sanchez v. Pub. Bldg. Auth., 531 F.3d 104, 107

(1st Cir. 2008).

> [T]he continuing violation doctrine can apply when a
> prisoner challenges a series of acts that together
> comprise an Eighth Amendment claim of deliberate
> indifference to serious medical needs. . . . To assert
> a continuing violation for statute of limitations
> purposes, the plaintiff must "allege both the
> existence of an ongoing policy of [deliberate
> indifference to his or her serious medical needs] and
> some non-time-barred acts taken in the furtherance of
> that policy."  This test screens out Eighth Amendment
> claims that challenge discrete acts of
> unconstitutional conduct or that fail to allege acts

within the relevant statutory period that are
traceable to a policy of deliberate indifference.

Shomo v. City of N.Y., 579 F.3d 176, 182 (2d Cir. 2009)

(citations omitted).

Assuming that the continuing violation doctrine applies to Kelly's claims, the court finds no allegations in this case, and no evidence in the record, suggesting that any defendant engaged in any affirmative act less than three years before Kelly filed this action, that could reasonably be deemed evidence of deliberate indifference to Kelly's medical needs.  The last such affirmative act described in the complaint and in Kelly's declaration was Kelly's meeting with defendant Warren on December 15, 2009, in which they discussed his seizure disorder, and, Kelly avers, Warren said that a neurology appointment would be scheduled.  Three months later, when Kelly was transferred to another federal facility, Kelly had not seen a neurologist.

Also in March 2010, the SCHC received a letter, dated March 15, 2010, sent by Attorney Robert Fisher on Kelly's behalf, stating that Kelly needed treatment for a seizure disorder. Kelly was a federal pretrial detainee for the duration of his confinement at the SCHC, and was discharged from the SCHC into federal Bureau of Prisons custody on March 10, 2010.  There is no evidence suggesting either that Attorney Fisher's March 15 letter arrived prior to Kelly's March 10 transfer, or that any

SCHC personnel were responsible for the timing of the transfer

and scheduled it in deliberate indifference to Kelly's serious

medical needs.  There is thus no basis upon which this court

could conclude that defendants took any affirmative act in

furtherance of a policy of deliberate indifference within three

years of the date Kelly filed this action.  As Kelly filed this

action more than three years after December 2009, all of Kelly's

claims are time-barred.  The court therefore grants the motion

for summary judgment based on the statute of limitations

defense.

II.   Reconsideration of the May 7 Order

     This court has discretion to reconsider an interlocutory

order at any time.  See generally Latin Am. Music Co. v. Media

Power Grp., 705 F.3d 34, 40 (1st Cir. 2013).  Dow, Eischen, and

Warren seek reconsideration of the May 7 order directing service

upon Dowaliby and the Doe defendants, based on their contention

that all claims against Dowaliby and the Does are time-barred.

For reasons set forth above with respect to defendants' motion

for summary judgment, this court concludes that the claims

asserted against Dowaliby and the Does are time-barred.

     Moreover, with respect to the claims asserted against the

Doe defendants, plaintiff sought to add those new defendants

(without naming them) more than three years after he was

transferred out of the SCHC.  Dow, Eischen, and Warren have

shown that any claim asserted against those defendants would
fall outside of the statute of limitations.  Kelly, who bears
the burden of showing that the Rule 15(c) relation back doctrine
applies, waited more than 120 days after this court ordered
service of the original complaint to move to add the Doe
defendants.  See Fed. R. Civ. P. 15(c)(1)(C); see also Smith v.
Chrysler Corp., 45 F. App'x 326, 2002 WL 1899615, at *1 (5th
Cir. 2002) (unpublished decision) ("Even assuming for the sake
of argument that [plaintiff's] inability to identify [a new
party] as a defendant could somehow count as a "mistake
concerning the identity of the proper party" within the meaning
of Rule 15(c)(3)(B), [plaintiff] would still have to prove that
[new party] had timely notice of her suit.").  Cf. Coons v.
Indus. Knife Co., 620 F.3d 38, 44 (1st Cir. 2010) (plaintiff had
burden of showing that Massachusetts relation back doctrine
applied after defendant showed that amended complaint asserted
claim outside of statute of limitations).  Kelly has not shown
that any of those as-yet unnamed John and Jane Doe defendants
received notice of the action during that 120-day time period
after this court directed service of the original complaint, or
that any of the Doe defendants knew or should have known that
this action would have been brought against them, but for a
mistake as to the identity of the proper defendant.
Accordingly, Kelly's claims against the John and Jane Doe

defendants would be time-barred, even if this court had found
that the original complaint asserted a timely claim against Dow,
Eischen, and Warren.

### Conclusion

For the foregoing reasons, and for reasons stated in the
May 7 order (to the extent that order is not vacated by this
order):

1.   Dow, Eischen, and Warren's (first) motion for summary
judgment (doc. no. 24) is granted;

2.   Dow, Eischen, and Warren's motion for partial
reconsideration (doc. no. 40) of this court's May 7, 2014, order
is granted;

3.   The portions of the May 7 order (doc. no. 38),
granting Kelly's motion to file the proposed amended complaint,
and to add claims against Dowaliby and the ten John and Jane
Does, are hereby vacated.  The remaining parts of the May 7
order are not vacated.

4.   The motion to amend the complaint (doc. no. 29) is
denied in its entirety, insofar as this court finds that the
claims allowed to proceed by the May 7 order are time-barred.

5.   Dowaliby and the unnamed John and Jane Doe defendants
shall not be served, and the original complaint (doc. no. 1)
shall be deemed the operative complaint in this action.

6.     The clerk shall redocket the Amended Complaint (doc. no. 39) as the "Proposed Amended Complaint" and shall cross-reference this order in that docket entry.

7.     The pending (second) motion for summary judgment (doc. no. 31) and motion for an extension of defendants' expert disclosure deadline (doc. no. 43) are denied, without prejudice, as mooted by this order.

8.     The clerk is directed to enter judgment and close the case.

   **SO ORDERED.**

_____
Landya McCafferty
United States District Judge

June 10, 2014

cc:  Howard D. Kelly, pro se
     Corey M. Belobrow, Esq.

LBM:nmd